EL CAMPO ICE, LIGHT & WATER CO. v. TEXAS MACHINERY & SUPPLY CO.†

(Court of Civil Appeals of Texas. Dallas. April 27, 1912. Rehearing Denied May 18, 1912.)

1. APPEAL AND ERROR (§ 843*) — REVIEW — QUESTIONS CONSIDERED—MATTERS NOT NECESSARY TO DECISION.

The court on appeal need not consider the exclusion of testimony assigned as error, where it reaches a decision disposing of the appeal upon another branch of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–3341; Dec. Dig. § 843.*]

2. SALES (§ 121*)—RIGHT OF BUYER TO RESCIND—CONDITION—RESTORATION OF GOODS.

Where a buyer of machinery, by a sale, put it out of its power to return such machinery, an election to accept must be held to have taken place, which would preclude a rescission.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 296–301; Dec. Dig. § 121.*]

3. SALES (§ 125*) — RESCISSION BY BUYER— RIGHT TO RESCIND.

Where a firm, under a contract of sale of a gas engine, had taken an electric engine in part payment of the price, the purchaser could not, in an action by the assignee of rights of the seller under such contract, have a rescission of the contract, as the return of the electric engine, given in trade to the original seller, could not be compelled in such action.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 296–301; Dec. Dig. § 125.*]

4. SALES (§ 113*) — RESCISSION BY BUYER— CONDITIONS PRECEDENT — REDELIVERY OF GOODS PURCHASED.

Though a company which had purchased a gas engine and gas producer sold its plant to another, who sued it for damages thereafter for the condition of the engine and producer, it would not thereby become entitled to have a rescission, in an action by the seller for the price, as the suit for damages by the subsequent purchaser is inconsistent with the claim that such second purchaser had rejected the engine and producer, and was prepared to deliver the same back to the seller, which would be a condition to the right to a rescission.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 286, 287; Dec. Dig. § 113.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by the Texas Machinery & Supply Company against the El Campo Ice, Light & Water Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Nelson Phillips, of Austin, and Yancey Lewis, of Dallas, for appellant Cockrell, Gray & Thomas, of Dallas, for appellee.

RASBURY, J. Texas Machinery & Supply Company, appellee, sued the El Campo Ice, Light & Water Company, appellant in the Sixty-Eighth district court of Dallas county on two written contracts, the first entered into between appellant and Fairbanks, Morse & Co., a foreign corporation, not domiciled in Texas; the second being between appellant and appellee, both Texas corporations. Appellee, in declaring on the first contract, alleged that by its terms Fairbanks, Morse & Co., on January 23, 1908, agreed to furnish and deliver to appellant f. o. b. the cars at Beloit, Wis., one 25 h. p. type gas oil engine, together with certain accessories, fixtures, furnishings, pipes, etc., in consideration of which appellant agreed, in addition to delivering to Fairbanks, Morse & Co., one 9 h. p. special electric engine, then owned by appellant, to pay said Fairbanks, Morse & Co. $1,500, of which sum $300 was to be paid on arrival of the machinery at El Campo, Tex., where appellant intended to use same in the operation of its plant, the balance to be paid at the rate of $200 every 60 days thereafter, the deferred payments to draw 8 per cent. per annum interest, to be secured by lien on the machinery so sold, and to be payable in Dallas, Tex.; the contract also providing that all indebtedness might be matured, at option of seller, in case of default, as well as for 10 per cent. on whole amount due as attorney's fees, in case of default, suit, etc. Appellee alleged that it, for value, purchased said contract from Fairbanks, Morse & Co., and was entitled to all the benefits arising thereunder.

The allegations in reference to the terms of the second contract were practically identical, except the contract was, as aforesaid, between appellee and appellant, dated August 15, 1908, and was for the sale and delivery "f. o. b. cars Beloit, Wis., of one 25 h. p. producer gas outfit for Texas lignite to be used in connection with 25 h. p. type L horizontal, Fairbanks, Morse engine" with certain specified fittings, etc., while the price to be paid was $1,485, of which amount $300 was to be paid upon installation of the gas producer, the balance to be paid in installments of $300 every nine days after installation, as aforesaid. Appellee alleged that Fairbanks, Morse & Co. and appellee, as its assignee, truly kept and performed all conditions of the first contract and that appellee likewise kept and performed all conditions of the second contract, but that appellant defaulted in all respects in its performance of both contracts. Judgment was sought upon both contracts for the debt, interest, attorney's fees, and for foreclosure of liens.

[1] Appellant, by appropriate special pleading, sought to rescind the two contracts and require appellee to accept back from appellant the gas engine which appellant pur-

chased from Fairbanks, Morse & Co., as well as the gas producer purchased from appellee, Texas Machinery & Supply Company, and also sought judgment against appellee, Texas Machinery & Supply Company, for $450, the value of the electric engine delivered by appellant to Fairbanks, Morse & Co., as part payment for the gas engine bought from that company, and to recover also the further sum of $300, paid to appellee, Texas Machinery & Supply Co., by appellant as a preliminary condition to an attempted arbitration of the differences between appellant and appellee, which failed of consummation as a result of the failure of the arbitrators selected by the parties to agree upon the third arbitrator. By said special plea, appellant asserted at length fraudulent misrepresentations by appellee and the agent of Fairbanks, Morse, & Co., relating to said gas engine, together with facts concerning its inefficiency and failure to perform its work after its installation, as well as the failure of the gas producer to remedy the trouble in the gas engine, which was bought for the specific purpose of curing the defects in the engine, and offered testimony substantiating such allegations, which testimony was excluded by the court, and which action of the court is assigned as error, but which assignment it is unnecessary for us to consider, since we have reached a decision upon another branch of the case, which disposes of the appeal. This arises from certain facts and admissions contained in appellant's supplemental answer, pleaded in response to the charge made by appellee that it had sold the two machines and was unable to return same. Based upon these admissions and the other ground of error assigned by appellant, which we have not thought it necessary to consider, the trial court excluded all testimony offered by appellant to establish the facts constituting its ground of rescission, and directed a verdict for appellee, after appellee had credited appellant with the $300 deposited as an inducement for arbitration, but which failed for the reason noted at another place. That part of the pleading admitting a sale of the property by appellant is as follows:

"That on or about the 19th day of December, 1908, and before the gas producer outfit had been installed, appellant, with no purpose to in any wise injure appellee, did contract to sell its plant, including the gas producer outfit, to the Ice, Light & Water Company of El Campo, a corporation, and appellant and the individual stockholders thereof guaranteed that the said gas producer and gas-producing engine would develop 25 h. p., in addition to the horse power required to run the motor in connection with the gas producer, with the amount of coal guaranteed, and that the gas producer and gas-producing engine, aforesaid, would be in good condition and working order; that appellant did these things upon the faith of the representations made by appellee and its agents, as aforesaid, and the guaranties in the two contracts set up, and in the belief that said machinery would develop 25 h. p. in addition to the horse power required to run the motor in connection with the gas producer, and in the belief that their representations and guaranties in connection with said gas producer outfit were true and correct; that they would not have entered into such contract of sale but for these representations and the belief of appellant and its officers therein; that, by reason of the failure of the said engine and gas producer outfit to produce 25 h. p. in addition to the power required to run the motor, appellant and the stockholders thereof, who entered into said contract with the Ice, Light & Water Company of El Campo, have been sued by said company in the district court of Bexar county, Tex., in a large sum of damages, and have otherwise been harrassed and annoyed and subjected to great expense, all of which is the direct result of the failure of the 25 h. p. engine and the gas producer outfit aforesaid, to comply with the contracts, guaranties, and warranties under which they were sold, and the representations made by appellee and its agents to induce such sale; and that by reason of the facts appellee is estopped to set up such sale, aforesaid, to derive legal advantage therefrom—said machinery having been proved to be entirely worthless, and having been rejected by the Water, Light & Power Company of El Campo, aforesaid, and having been tendered back to appellee, as heretofore set up."

[2] By the pleading, it will be seen that the ownership of the engine and the producer had passed to another, the Water, Light & Power Company of El Campo. By the sale of the engine and the producer, appellant put it out of its power to deliver either thereof to appellee, which, in law, constitutes an election on its part to accept the property and to proceed by some other avenue for its remedy. Kempner v. Advance Thresher Co., 54 Tex. Civ. App. 650, 118 S. W. 714.

[3] We are also of opinion that appellant never did have the right to rescind as to the gas engine, since it was not purchased from appellee, but from Fairbanks, Morse & Co., who had received and had possession of the electric engine, taken in on the trade as part payment, which appellant in no event could have restored or compelled Fairbanks, Morse & Co., to restore, since that concern was not a party to the suit.

[4] Nor does the fact that the Water, Light & Power Company of El Campo had rejected the engine and producer after its purchase from appellee, as alleged, change the situation. That concern, it seems, had sued appellant for damages, which appears

to be inconsistent with the claim that it also had rejected the engine and producer, and that appellant, for that reason, was prepared to deliver same back to appellee. We understand that "contracts can only be rescinded where it is possible to put the parties back in their original position and with their original rights. A contract, voidable for fraud, cannot be avoided when the other party cannot be restored to his status quo. If it cannot be rescinded in toto, it cannot be rescinded at all; but the complaining party must resort to an action for damages," (9 Cyc. 437, 438), or, as he may do under our statutes, plead failure of consideration in a suit to recover the purchase money. There may be some variation in the rule; but the pleading in the instant case presents none.

Holding the views indicated herein, we have not considered the other points made in the brief, since to do so would not change the disposition made of the appeal.

The judgment of the trial court is affirmed.