**AFFIRMED; Opinion Filed October 19, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00893-CV

### REFUGIO GOMEZ; ELBA GOMEZ, INDIVIDUALLY AND AS NEXT FRIEND OF RAFAEL GOMEZ, TONY GOMEZ, AND NANCY GOMEZ, MINORS; and CAMELIA GOMEZ, INDIVIDUALLY AND AS NEXT FRIEND OF RODOLFO GOMEZ, A MINOR; Appellants
### V.
### LY SOL, Appellee

### On Appeal from the Dallas County Court at Law No. 4
### Trial Court Cause No. cc-11-06613-d

## MEMORANDUM OPINION
Before Justices Lang, Evans, and Whitehill
Opinion by Justice Lang

The Gomez family appeals the trial court's denial of their motion to reinstate their lawsuit after dismissal for want of prosecution and raises two issues. First, they assert that the trial court abused its discretion in disqualifying their trial counsel. Second, they assert that the trial court abused its discretion in denying their motion to reinstate. We affirm the judgment of the trial court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants and Ly[1] were involved in an automobile collision on or about November 6, 2009. On September 21, 2011, appellants filed a suit to recover damages asserting negligence and

---

[1] The appellee, Sol Ly, is incorrectly named in this case as "Ly Sol." We will refer to her by her last name.

negligence *per se* against Ly. On July 17, 2013, the case was called to trial. A mistrial was declared for reasons not relevant to this appeal.

Ly was represented by Herald, Farish, Palmorozzi and Hughes (the "Herald firm"). Tim Brandenburg had been employed by the Herald firm from September 2012 through March 2013, at which point he became employed by the law office of Domingo Garcia, counsel for the appellants. A second trial date was set for September 12, 2013. When the case was called for trial, Brandenburg participated with other lawyers representing the appellants regarding jury selection. Ly orally objected to the trial court as to Brandenburg's participation, contending that because he was previously with the Herald firm after this suit was filed, a conflict of interest existed. In response to this objection, the trial court declared a mistrial and instructed counsel for Ly to file a written motion to disqualify Brandenburg.

On September 27, 2013, as directed by the trial court, Ly filed a written motion to disqualify Brandenburg and the law office of Domingo Garcia on the basis that Brandenburg's participation in the litigation created a conflict of interest.[2] The trial court conducted a hearing on the motion and signed an order dated September 30, 2013 granting the motion. Appellants sought no mandamus review of the order disqualifying their counsel.

The appellants' lawsuit was set for trial a third time on April 22, 2014. On that date, the appellants failed to appear for trial. As a result, the trial court dismissed the case for want of prosecution. On May 21, 2014, Refugio Gomez, pro se, filed a Motion to Vacate the Order of Dismissal or Alternatively, Reinstate ("Motion to Reinstate") the lawsuit on behalf of all the appellants. In the motion, he stated in part:

> "I am upset that my attorneys at the Law Offices of Domingo Garcia, P.C. have been disqualified from representing me in this cause. Apparently this occurred because Tim Brandenburg was hired by my attorneys for a few months, but he

---

[2] No reporter's record has been filed with this Court as to the proceedings of the September 12, 2013 trial. However, Ly's motion to disqualify identified these facts which appellants do not contest.

never worked on my case, and I never even met him. Tim Brandenburg quit working for the Law Office of Domingo Garcia, P.C. on October 23, 2013. Consequently, I request this Court not dismiss this cause for Want of Prosecution as I am adamant to pursue my personal injury and damages claim against the Defendant. I also request this Court vacate the Order Of Dismissal for Want of Prosecution dated April 22, 2014."

After a hearing, the trial court denied the appellant's Motion to Reinstate and this appeal was perfected.

## II. DISMISSAL FOR WANT OF PROSECUTION AND MOTION TO REINSTATE

### A. *Standard of Review*

We review the denial of a motion to reinstate a lawsuit dismissed for want of prosecution for an abuse of discretion. *Wyatt v. Tex. Okla. Express, Inc.*, 693 S.W.2d 731, 732 (Tex. App.–Dallas 1985, no writ). To determine whether there is an abuse of discretion, we must determine whether the trial court acted without reference to any guiding rules and principles. *See Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986).

### B. *Applicable Law*

Texas Rule of Civil Procedure 165a provides a court may dismiss a case after notice and a hearing for want of prosecution. TEX. R. CIV. P. 165a. A court may dismiss pursuant to Rule 165a for two reasons: (1) failure to appear; or (2) failure to comply with the Supreme Court of Texas' time standards. *Summons v. Herrington*, No. 05-00-00664-CV, , at *3–4 (Tex. App.–Dallas June 12, 2001, no pet.) (citing TEX. R. CIV. P. 165a). Additionally, "[t]he common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

In considering a motion to reinstate a lawsuit under Rule 165a(3), the trial court must conduct a hearing and determine whether the failure to prosecute the lawsuit was "intentional or the result of conscious indifference, or whether it was due to an accident or mistake or was

otherwise reasonably explained." *Summons*, 2001 WL 641997, at *8–9. A failure to appear is not intentional or due to conscious indifference merely because it is deliberate; instead, it must also be without adequate justification. *Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995). "Proof of such justification–accident, mistake or other reasonable explanation– negates the intent or conscious indifference for which reinstatement can be denied." *Id*. Finally, conscious indifference means more than mere negligence. *Id.*

### C. Application of the Law to the Facts

Appellants' Motion to Reinstate argues only that disqualification of its legal counsel was improper. Nowhere in the Motion to Reinstate did appellants explain why they failed to appear on April 22, 2014. Accordingly, they did not meet their burden under Rule 165(a)(3) to show that their failure to appear for trial was adequately justified. *See Smith*, 913 S.W.2d at 468; *see also Summons*, 2001 WL 641997, at *8–9. We cannot conclude the trial court abused its discretion in denying appellants' Motion to Reinstate. This issue is decided adversely to appellants.

We need not address appellants' first issue because our decision on the second issue is dispositive. TEX. R. APP. P. 47.1 (2015) ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and *necessary to final disposition* of the appeal.") (emphasis added); *El Campo Ice, Light & Water Co. v. Texas Machinery & Supply Co.*, 147 S.W. 338, 340 (Tex. Civ. App.–Dallas 1912, writ denied) ("[W]e have not considered the other points made in the brief, since to do so would not change the disposition made of the appeal."); *McAlister v. Hatbreeze Props., L.L.C.*, No. 02-11-00060-CV, 2012 WL 579436, at *3 (Tex. App.–Fort Worth Feb. 23, 2012, no pet.) (addressing only those issues that were "potentially dispositive"); *Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.–

Fort Worth 2006, no pet.) (addressing only those issues that were "dispositive"). The trial court's judgment is affirmed.

## V. CONCLUSION

We cannot conclude the trial court abused its discretion in denying appellants' Motion to Reinstate. The trial court's judgment is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

140893F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REFUGIO GOMEZ; ELBA GOMEZ, INDIVIDUALLY AND AS NEXT FRIEND OF RAFAEL GOMEZ, TONY GOMEZ, AND NANCY GOMEZ, MINORS; and CAMELIA GOMEZ, INDIVIDUALLY AND AS NEXT FRIEND OF RODOLFO GOMEZ, A MINOR; Appellants

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-11-06613-D.
Opinion delivered by Justice Lang. Justices Evans and Whitehill participating.

No. 05-14-00893-CV      V.

SOL LY, Appellee

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Sol Ly recover her costs of this appeal from appellants Refugio Gomez; Elba Gomez, individually and as next friend of Rafael Gomez, Tony Gomez, and Nancy Gomez, minors; and Camelia Gomez, individually and as next friend of Rodolfo Gomez, a minor.

Judgment entered this 19th day of October, 2015.