M. H. McSWEEN v. Board of School Trustees of the City of Fort Worth.

Decided April 9, 1910.

**1.—School Board—Powers—Vaccination of Children.**

The provisions of sec. 31, art. XVI, of the Constitution apply only to legislation which might be enacted prescribing the qualification of practitioners of medicine, and therefore can not be invoked against an order of a school board requiring the school children to be vaccinated.

**2.—Same—Constitution.**

An order of a school board excluding from the school all pupils who should refuse to be vaccinated, merely prescribed a condition upon which the right of pupils to attend the school should depend; it did not compel vaccination, and therefore was not in violation of sec. 9, art. I, of the Constitution, providing that the "people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures and searches."

**3.—Same—City Charter—Construction.**

The provisions of a city charter defining the powers of the city commissioners and of the board of school trustees concerning the enactment of rules and regulations for the promotion of health and the suppression of disease, considered, and held sufficiently comprehensive to delegate to the school trustees the authority to pass an order requiring the pupils to be vaccinated or to absent themselves from the school.

**4.—Same—Police Power.**

An order of a school board requiring the pupils to be vaccinated or to absent themselves from the school, considered, and held a mere exercise of police power for the protection of the health of the pupils and not in contravention of sec. 19, art. I, of the State Constitution nor of sec. 1 of the Fourteenth Amendment to the Constitution of the United States.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*C. E. Farmer* and *Theodore Mack,* for appellant.—The facts showing that the excluded pupil was healthy, free from any infectious or contagious disease, and the court failing to find that in fact the sick pupil had the smallpox, the issue of smallpox vel non not being determined by the court, and there being no evidence to show a probability of an epidemic, the action of the defendant was unreasonable, arbitrary and unenforceable, even though the defendant might have acted in good faith in promulgating the order. Trustees v. People, 87 Ill., 303; 1 Dillon on Mun. Corp., 4th ed., sec. 319; Hobbs v. Germany, 49 So., 515; Board of Medical Examiners v. Taylor, 56 Texas Civ. App., 291; Lawbaurgh v. Board, 177 Ill., 572; Potts v. Breen, 167 Ill., 67; Osborn v. Russell, 64 Kans., 507; 19 Am. & Eng. Ency. Law (2d ed.), 822; 11 Am. & Eng. Ency. Law, 783; Dean v. Campbell, 59 S. W., 294; State v. Lutz, 126 Mo., 633.

The board of school trustees not being given power with reference to public health, exclusive power over infectious and contagious diseases being vested in the board of city commissioners under section 98 of the city charter, enacted by the Thirtieth Legislature, the court erred in holding that the school board had the power to adopt the rule or order complained of. See section 98, city charter, Act 30th Leg., sec. 98, February 26, 1907, giving power and authority to board of city commissioners to make and provide for enforcement of regulations with reference to infectious and contagious diseases. See also Acts 31st Leg., approved March 10, 1909, repealing old charter creating city of Ft. Worth and board of school trustees, and enacting a new charter, and especially section 18 of chapter 15, granting the school trustees power to require vaccination, a power that did not exist and was not granted in the charter of 1907; Potts v. Breen, 39

L. R. A., 152; Mathews v. Board, 54 L. R. A., 736; People v. Board, 84 N. E., 1046; People v. Board, 52 N. E., 850; State v. Burdge, 37 L. R. A., 167; Daniel v. Putnam County, 54 L. R. A., 292 (difference between quarantine and vaccination); what is meant by successful vaccination: Sovereign Camp W. O. W. v. Woodruff, 32 So., 4; vaccine virus defined in Koechl v. U. S., 84 Fed., 448.

An order requiring compulsory vaccination as a condition precedent to attending the public schools in Texas is void, especially where it appears on its face to discriminate in favor of the teachers as against the pupils. Hobbs v. Germany, 49 So., 515; 19 Am. & Eng. Ency. Law (2d ed.), 822; 22 Am. & Eng. Ency. Law, 783; also authorities heretofore cited.

*W. H. Slay* and *A. B. Curtis,* for appellee.—The Legislature could enact legislation of the character of the order complained of, and could and did delegate such power to the board of school trustees of the city of Fort Worth. Fort Worth charter, 1907, secs. 144, 148, 154, 155, 159; Constitution of Texas, art. XVI, sec. 31; Jacobson v. Mass., 197 U. S., 11; Blue v. Beach, 50 L. R. A., 64; Mugler v. Kansas, 123 U. S., 623; Holden v. Hardy, 169 U. S., 366; Ferriter v. Tyler, 21 Am., 133; Champer v. Greencastle, 35 N. E., 14; Townsend v. State, 47 N. E., 19; School Commissioners v. State, 28 N. E., 61; Duffield v. Williamsport, 25 L. R. A., 153; Dowell v. McBride, 92 Texas, 239; Day Land & Cattle Co. v. State, 68 Texas, 526; Baldwin v. State, 21 Texas Crim. App., 591; Holley v. State, 14 Texas Crim. App., 510; English v. State, 35 Texas, 478; San Antonio & A. P. Ry. Co. v. State, 79 Texas, 265; Willis v. Owens, 43 Texas, 55; Peacock v. Limburger, 67 S. W., 518; Union Cent. Ins. Co. v. Chowning, 86 Texas, 654; Brenham v. Brenham Water Co., 67 Texas, 542; Ex parte Robinson, 30 Texas Crim. App., 493; Davis v. Burney, 58 Texas, 367.

The board of school trustees is a legislative body vested with discretionary powers, and no court can in a mandamus proceeding interfere with the action of said body in the absence of fraud or an abuse of such discretion. Jacobson v. Mass., 197 U. S., 11; Blue v. Beach, 50 L. R. A., 64; Mugler v. Kansas, 123 U. S., 623; Atkin v. Kansas, 191 U. S., 207; Minnesota v. Barber, 136 U. S., 313.

DUNKLIN, ASSOCIATE JUSTICE.—Mrs. M. H. McSween sought a writ of injunction to restrain the board of school trustees of the city of Fort Worth from excluding plaintiff's minor child, Olive McSween, from attendance in the public high school of said city. A judgment was rendered denying plaintiff the relief prayed for and she has appealed.

The suit was tried upon the merits of the petition without a jury and the trial judge filed the following findings:

"1st. The plaintiff is a resident and citizen of Fort Worth and the mother of Olive McSween, a fourteen year old girl, the latter being entitled to enjoy the advantages, rights and privileges of public education in the city of Fort Worth and to attend the high school therein.

"2d. On February 4, 1909, Olive McSween, being of the scholastic age, was a pupil in the high school of the city of Fort Worth, and was a healthy child and not afflicted with any contagious or infectious disease.

"3d. By section 144 of the city charter enacted by the Thirtieth Legislature, Fort Worth is made an independent school district and given the exclusive control of the public schools therein, the power of control being vested in the defendant, the Board of School Trustees of the City of Ft. Worth.

"4th. By section 150 of the aforesaid city charter the public free schools of the city are placed under the control and supervision of the defendant board, and they are given power to manage, control and govern them in all things and matters and to adopt such rules and regulations as they may deem proper. They are also given the power and authority, when not in conflict with said charter, of independent school districts, which power is substantially the same as in the city charter on this subject.

"5th. On February 4, 1909, the defendant enacted or adopted the following:

"'Whereas, a pupil of the high school was taken home sick from school and such sickness developed into a case of smallpox; and whereas, the board is of the opinion that the necessity exists for the vaccination of all the children attending the public schools;

"'Be it resolved, that all the pupils in the public schools be vaccinated, unless the same has heretofore been successfully done, and that such children as do not comply with this order be excluded from the schools until the necessity for the enforcement hereof shall cease to exist.'

"6th. The facts upon which the foregoing order or rule was based were briefly these: A pupil of the high school was taken home sick and it was reported to the board that such sickness developed into a case of smallpox. The board was of opinion that the pupils had probably been exposed, and therefore to prevent disorganization of the schools enacted the order in question. The board acted upon the representations of one of its members, a reputable physician, who was also a former health officer of the county, who examined the pupil and diagnosed the case as smallpox. The board determined she did have smallpox and acted upon what they deemed an emergency requiring the enactment and enforcement of the order in question until the necessity therefor ceased. As to whether the sick pupil really had the smallpox the evidence conflicted, it being shown on the one hand that she had the chickenpox, while two witnesses for the defendant, who had actually been in attendance on her, were equally certain that she had the smallpox, and therefore the court does not deem it material, in view of the legal conclusion deduced, to determine that issue of fact.

"7th. The court finds as a fact, however, that the board acted in the utmost of good faith, and, in the exercise of a sound discretion, enacted the order above recited.

"8th. Acting on the order, the principal of the high school on

Vol. LX Civil—18.

February 5, 1909, in view of the fact that Olive McSween acting for herself and under the advice and direction of her mother had refused to submit to vaccination, suspended Olive McSween from the high school temporarily, and she now stands temporarily suspended at the date of the judgment herein.

"9th. Plaintiff has brought herself within the terms of the law in seeking from this court the relief prayed for and has exhausted all the remedies provided by law, and it was conceded that this court had jurisdiction to act in the premises, and, if the law permitted, to grant the relief prayed for. .

"From the foregoing findings of fact, without passing on the question of the efficacy of vaccination, which, under the rule announced by the Supreme Court of the United States in Jacobson v. Massachusetts, 197 U. S., 11, 49 L. Ed., 643, is neither a matter for court nor jury, the court concludes as a matter of law:

"1st. That under the circumstances the order in question was not void and the authority to determine whether an emergency existed for said order was for the defendant, even though the court might be of the opinion that the board erred in adopting the order, which was merely temporary in its character and which will in all probability be revoked as soon as the danger feared by the board has passed away, is vested in the board. Therefore the court declines to grant the relief prayed for or in anywise to interfere with the exercise of the discretion vested by law in the defendant in the absence of any abuse of that discretion, and judgment will be accordingly entered."

The finding of the court that in adopting the order complained of appellee had not abused its discretion was tantamount to a finding that the order was not unreasonable; and the other facts found by the trial court were not inconsistent with that conclusion.

By her first assignment of error appellant contends that the order of the school board requiring vaccination of the pupils as a condition precedent to attendance in the public free schools of the city, was in contravention of article XVI, section 31, of the State Constitution, which reads as follows: "The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State and to punish persons for malpractice, but no preference shall be given by law to any school of medicine." As shown by the language of the provision quoted above it is evident that the restriction therein imposed was intended to apply to legislation only which might be enacted prescribing the qualifications of practitioners of medicine. Accordingly, the first assignment is overruled. Dowdell v. McBride, 92 Texas, 239.

The order adopted by appellee excluding from the schools all pupils who should refuse to be vaccinated unless successfully vaccinated already, merely prescribed a condition upon which the right of pupils to attend the schools should depend. It gave the pupils who had not been successfully vaccinated the choice to be vaccinated and attend school, or to refuse to be vaccinated and remain out of school until the danger of smallpox had passed. It did not compel vaccination and therefore was not in violation of section 9, article 1, of the State

Constitution, providing that: "The people shall be secure in their persons, houses, papers, and possessions from all unreasonable seizures or searches." . . . Bissell v. Davidson, 65 Conn., 183, 29 L. R. A., 251, 32 Atl., 348; Duffield v. Williamsport, 25 L. R. A., 153.

In 1907 the Legislature enacted a special charter for the city of Fort Worth, and section 98 of that charter is as follows:

"The board of commissioners shall have power and authority to make and provide for the enforcement of regulations to prevent the introduction into the city of any contagious or infectious disease, and make quarantine laws, and all other necessary or expedient laws, rules and regulations for the promotion of health and the suppression of disease, and may enforce them or cause them to be enforced at any place within the city or outside of its limits and within ten miles thereof, and may erect and establish such hospitals and pesthouses and places of detention for persons infected or suspected of infection with contagious disease as may be thought necessary and may control and regulate the same."

Section 159 of the same charter reads:

"The board of school trustees shall adopt such rules, regulations and by-laws as they may deem proper, and the public free schools of the city of Fort Worth shall be under the control and supervision of such board of trustees, and said board shall have the power to control, manage and govern said schools in all things and matters, and order the payment of school funds for school purposes, and shall have the power to elect a superintendent of the public schools of said city, and to select all teachers and to fix the salaries thereof. Said board of trustees shall have the power to contract for the erection of school buildings and for adding to and repairing buildings, and for exchange of school properties, and to pay for the same out of the school funds; provided that the board of trustees shall not make any contract for the expenditure of any money in any one year in excess of the revenues or income from taxes for said year, and the sale of bonds for school purposes as provided for in this Act. In addition to the powers and rights herein given to the board of school trustees, said board shall have such powers, not in conflict herewith, as are conferred on the school board or board of school trustees under the general State laws relating to independent school districts in cities which have assumed control of the public free schools within their limits, and such additional powers here conferred on said board of school trustees; said board shall be governed by such general law when not in conflict herewith."

Appellant insists that the power vested in the board of city commissioners by section 98 above quoted to enact laws, rules and regulations for the promotion of health and the suppression of disease, was vested exclusively in the city commissioners, and that the court erred in holding that by section 159 appellee was authorized to adopt the order complained of.

The provisions of section 159 are sufficiently comprehensive to include the delegation to appellee of authority to pass the order. In case of an epidemic of smallpox, unquestionably appellee could have closed the schools temporarily if the trustees should be convinced that

to continue them would result disastrously to the health of the pupils. Duffield v. Williamsport, *supra*. Such an order would have excluded all pupils, and it would have been valid even though the purpose of its adoption were to protect the health of the pupils. It can not be said that in the adoption of the charter the Legislature intended to deny appellee the power to adopt sanitary regulations for the schools. We think a contrary intention is apparent from the provisions of section 159. If correct in this, appellee was authorized to adopt any reasonable regulation to effect the purpose sought to be accomplished. Furthermore, it is difficult to perceive how the order in question would be in conflict with any law or regulation that might be adopted by the city commissioners under section 98. Accordingly, appellant's fifth assignment is overruled.

The order in question was the exercise of police power for the protection of the health of the pupils of the public schools, and therefore not in contravention of section 19, article 1, of the Constitution of the State, nor of section 1 of the Fourteenth Amendment to the Constitution of the United States, as contended by appellant. Peacock v. Limburger, 67 S. W., 518; Jacobson v. Mass., 197 U. S., 11; Mugler v. Kansas, 123 U. S., 623; Holden v. Hardy, 169 U. S., 366.

We have found no error in the judgment and it is affirmed.

*Affirmed.*