READ et ux. v. BLAINE.   (No. 314.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 28, 1918. Rehearing Denied March 13, 1918.)

1. DEEDS ⬚114(5) — CONSTRUCTION — LAND CONVEYED.

A deed conveying all the certain part or parcel of land and containing 640 acres, more or less, located for one W. by virtue of certificate No. 1450, and providing that it was understood that the 640-acre tract was a one-half undivided interest out of survey No. 1123, which contained 1,280 acres, more or less, indicated an intent to convey an undivided one-half interest in the survey, and not any specific number of acres undivided out of it.

2. VENDOR AND PURCHASER ⬚165 — SHORTAGE IN ACREAGE—RECOVERY BY PURCHASER.

Where land is conveyed in gross, the purchaser takes the risk as to the acreage and can-

not recover a shortage without allegation and proof of fraud or mutual mistake.

3. PLEADING ☞246(1) — PAROL EVIDENCE — VARYING TERMS OF DEED.

In trespass to try title to two tracts of land out of a survey, the allowance of a trial amendment that plaintiff held title to the premises by virtue of a deed from defendant, and that when the land was conveyed it was understood to contain a certain acreage and that the grantee should acquire an undivided one-half of a survey, was erroneous, as the amendment attempted to vary and limit the terms of the deed without alleging mutual mistake, accident, fraud, duress, or undue influence, etc., so as to bring the action within the principles of equity covering such matters.

Error from District Court, Liberty County; J. Llewellyn, Judge.

Suit by E. W. Blaine against W. A. Read and wife. Judgment for plaintiff, and defendants bring error. Reversed and rendered.

H. E. Marshall, of Liberty, and John M. Conley, of Beaumont, for plaintiffs in error. Stevens & Stevens, of Houston, for defendant in error.

KING, J. On the 5th day of July, 1916, E. W. Blaine filed suit in the district court of Liberty county in the ordinary form of trespass to try title for two tracts of land out of the Thomas H. Wheeler survey in that county, one tract containing 431½ acres and the other tract containing 39¾ acres. The suit was originally instituted against a great many defendants, some of whom were subsequently dismissed, and judgment was entered against others upon their disclaimers, and the cause was finally heard as to appellee, E. W. Blaine, as plaintiff, and W. A. Read and wife, Ruthie I. Read, as defendants. To the original petition plaintiffs in error filed a general demurrer and plea of not guilty, and specially pleaded that they disclaimed any right, title, interest, claim, or demand in and to the premises sued for, save and except an undivided one-half interest thereof, to which they claimed title, and prayed that they be awarded the same against the defendant in error.

By trial amendment, the plaintiff further alleges:

"That he holds title to the premises in controversy by virtue of a deed executed by W. A. Read and his wife, Ruthie I. Read, to C. E. Stacey on the 1st day of September, A. D. 1895, and that when said land was sold to said Stacey by said defendant it was understood that it contained 1,280 acres of land, and that the said C. E. Stacey should acquire by virtue of said deed an undivided one-half of the 1,280 acres of land known as survey No. 1123, located for Thomas H. Wheeler by virtue of certificate No. 1450 in Liberty county, Tex., but that as a matter of fact said location for said Thomas Wheeler was void, on account of conflict with senior surveys, with the exception of two tracts of 431⅓ and 39¾ acres respectively, which was subsequently patented by the state of Texas on the 21st day of January, 1902, as patents respectively numbered 240, volume 38, and 241, volume 38. Plaintiff avers that, on account of

it being understood that the 640 acres of land conveyed as aforesaid by said defendants to C. E. Stacey was an undivided one-half of a tract which contained 1,280 acres of land, he is entitled to have and to hold the tracts described in the patent above set forth, the same being less than 640 acres of land. Wherefore, he prays for judgment for all the land in controversy, and for general and equitable relief."

To this trial amendment the defendants filed an answer specially demurring to all that part of the trial amendment which set up that it was the intention of W. A. Read and wife, Ruthie I. Read, to convey to C. E. Stacey by deed dated September 1, 1895, 640 acres of land undivided out of the 1,280 acres, Thomas H. Wheeler survey, because said allegation attempted to alter and vary the written contract by parol testimony, and change the terms of the conveyance as set forth in a deed, by the introduction of parol testimony, and defendants also denied all the allegations contained in the trial amendment. The court overruled the exceptions, and the cause went to trial, resulting in a judgment by the court in favor of defendants in error, and from which judgment this appeal has been perfected.

[1, 2] The first assignment of error complains that the trial court erred in holding that the deed executed by plaintiffs in error to C. E. Stacey on September 1, 1895, conveyed an undivided 640 acres instead of an undivided one-half interest in survey No. 1123, erroneously supposed to contain 1,280 acres.

The description in the deed from Read and wife to Stacey is as follows:

"All that certain part or parcel of land known as survey No. 1123 and containing 640 acres, more or less, and located for Thomas H. Wheeler by virtue of certificate No. 1450, by J. N. Dart, county surveyor of Liberty county, for a more particular description reference is made to the record in the surveyor's office of the county and state aforesaid, and, further, that said land lies about 14 miles north, 87 east, from the town of Liberty in the county of Liberty and state of Texas, and it is further understood that the 640-acre tract above referred to is a one-half (½) undivided interest out of survey No. 1123, said survey No. 1123 containing 1,280 acres, more or less."

We are of opinion that this assignment is good, and that the purposes and intentions of the parties were to convey an undivided one-half interest in the survey, and not any specific number of acres undivided out of said survey, and where land is conveyed in gross the purchaser takes the risk as to the acreage, and cannot recover a shortage in the absence of allegations and proof of fraud or mutual mistake. An analysis of the two descriptive parts shows that in the first part of the paragraph, the grantors convey all that certain part of land known as survey No. 1123, containing 640 acres, more or less. A part of the survey seems to have been in the minds of the parties with reference to the amount of land bought and sold. The parties did not attempt to describe 640 acres

by metes and bounds, nor did they undertake to describe it even in the most general way, although it was known that the same was a part of a larger tract, and the fact that quantity was not the essence of the contract is indicated by the words "more or less" added to the clause containing the reference to quantity. In the second part of the paragraph containing a description of said land, the parties declare "it is further understood"—that is further construing the subject-matter of the sale—"that the 640 acres above referred to is an undivided one-half (½) interest out of survey No. 1123, and said survey No. 1123 contains [not a definite number of acres, but] 1,280 acres, more or less." Thus again the parties emphasize their intention to declare that the sale and purchase of land was not based upon the sale and acquisition of an undivided 640 acres out of said survey, but that the moving and actuating inducement to the trade was the sale and acquisition of an undivided one-half interest in saiu Wheeler survey, whether the same contained more or less than 1,280 acres. The entire absence of field notes and the most general description of the quantity and the repeated use of the words "more or less," both as qualifying the 640 acres and the 1,280 acres, throughout this paragraph, shows that the quantity of land involved in the transaction was not the thing to which the parties were looking, but that the grantors were selling and the purchaser was buying an undivided one-half interest in the survey, a chance of acquiring more or less than 640 acres. Eaton v. Tod, 68 S. W. 546; Daughtrey v. Knolle, 44 Tex. 450; Wuest v. Moehrig, 24 Tex. Civ. App. 124, 57 S. W. 864; Wheeler v. Boyd, 69 Tex. 293, 6 S. W. 614; Elder v. Bank, 42 S. W. 124; Mosteller v. Astin, 61 Tex. Civ. App. 455, 129 S. W. 1136; Holland v. Ashley, 158 S. W. 1033; Bellamy v. McCarthy, 75 Tex. 293, 12 S. W. 849; Barton v. Cox, 176 S. W. 793.

[3] Plaintiffs in error complain in their second assignment of error of the action of the court in overruling their special exception to the trial amendment filed by defendant in error, because said amendment was an effort to vary and alter the terms of a written contract. This assignment must be sustained. The wording of the deed is plain and unambiguous. Parol evidence will not be admitted to alter or vary the terms of a written contract between the parties in such a case, in the absence of appropriate pleadings of mutual mistake, accident, fraud, duress, undue influence, etc., so as to bring the case within the rules and principles of equity covering such matters. Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109; Stark v. Homuth, 45 S. W. 761; Cooper v. Singleton, 19 Tex. 262, 70 Am. Dec. 333; Haralson v. Langford, 66 Tex. 112, 18 S. W. 339; Wright v. Hays, 34 Tex. 253; R. R. Co. v. Pfeuffer, 56 Tex. 66; Caffey v. Caffey, 12 Tex. Civ. App. 616, 35 S. W. 738;

L. & G. N. v. Dawson, 62 Tex. 261; Railway Co. v. Jones, 82 Tex. 161, 17 S. W. 534, and authorities cited under the first assignment.

In view of our action in sustaining the above assignments of error, appellants' third and fourth assignments become immaterial. Believing that, under the law and evidence in this case, the trial court should have decreed that the 471½ acres, as found by a resurvey by the county surveyor of Liberty county to be the correct acreage of the Thomas H. Wheeler survey, was jointly owned by plaintiffs and defendant in error, we reverse and render the cause, decreeing to plaintiffs in error an undivided one-half interest in 471½ acres and to defendant in error an undivided one-half interest in said 471½ acres.