**ZUCHT v. KING et al. (No. 6428.)**

(Court of Civil Appeals of Texas. San Antonio. Oct. 20, 1920. On Motion for Rehearing, Nov. 17, 1920.)

1. **Constitutional law ☞63(2)—Power to pass health ordinance may be delegated to a municipality.**

Power to pass ordinances concerning vaccination to prevent disease may be delegated to a municipal corporation.

2. **Municipal corporations ☞63(2)—Pleading ☞214(3)—Whether facts show ordinance unreasonable question of law for court; demurrer admits facts pleaded to show ordinance unreasonable.**

Whether the facts relied on to show an ordinance unreasonable are apparent in the face of the petition or not, a demurrer admits them as true, and the reasonableness or unreasonableness becomes a question of law for the court.

3. **Schools and school districts ☞158(1)—Ordinance requiring vaccination of school children not invalid as unreasonable classification.**

An ordinance of a city, requiring that all school children be vaccinated against smallpox, is not invalid as dealing with a special class, the classification being reasonable, notwithstanding conditions in Mexican quarter of the city and crowding together of people in street cars, jitneys, theaters, churches, passenger depots, etc.

4. **Schools and school districts ☞158(2) — Vaccination may be enforced in absence of epidemic.**

A city, under its broad powers to enforce vaccination, may require vaccination of all school children for smallpox, even though there is no epidemic.

5. **Municipal corporations ☞63(2)—Reasonableness of health regulation no more open to inquiry than act of Legislature.**

A health regulation of a city, requiring school children to be vaccinated against smallpox, is not open to inquiry by the courts as to its reasonableness, any more than the reasonableness of an act of the Legislature.

6. **Municipal corporations ☞591 — Ordinance as to vaccination not delegation of legislative power to board of health.**

The board of health of the city of San Antonio is the public agency through which the city council acts to determine the necessity arising to put the ordinance concerning vaccination of school children against smallpox in effect as to its provisions, and there is no delegation of legislative power to the board of health.

7. **Health ☞25—Fear of danger to health by vaccination immaterial on question of validity of ordinance requiring it.**

The welfare of the many is far superior to those who resist enforcement of an ordinance requiring vaccination against smallpox, and fear of one declining and resisting its enforcement that vaccination would endanger his health is immaterial as far as validity of the ordinance is concerned.

8. **Constitutional law ☞278(4) — Ordinance providing for vaccination of school children does not deny due process of law.**

City ordinance of San Antonio, requiring that all school children be vaccinated against smallpox, is not invalid as denying any pupil rights and privileges without due process of the law of the land.

9. **Municipal corporations ☞626—Failure to enforce vaccination ordinance as to others does not affect validity.**

That other pupils are not vaccinated and are permitted to attend school under similar circumstances, contrary to an ordinance requiring that all school children be vaccinated, only shows that the officers are not performing their public duty, and cannot affect the validity of the ordinance.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Health ☞18—Health officers not liable for discrimination in enforcement of vaccination ordinance.**

Health officers of a municipality are not liable in damages by reason of discrimination in enforcement of an ordinance requiring that all school children be vaccinated.

### On Motion for Rehearing.

**11. Appeal and error ☞843(4) — Matters of pleading not necessary to decision not considered.**

The Court of Appeals need not consider assignments of error entirely directed at defendant's pleading, which could only become material on reversal, where it reaches a decision affirming action of the trial court in favor of defendant upon demurrer to plaintiff's petition, notwithstanding Rev. St. 1911, art. 1639, as the law never requires the doing of a useless thing.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Rosalyn Zucht, by A. D. Zucht, her next friend, against W. A. King and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Don A. Bliss, of San Antonio, for appellant.

R. J. McMillan, J. D. Dodson, B. W. Teagarden, Ball & Seeligson, and C. W. Trueheart, all of San Antonio, for appellees.

COBBS, J. Rosalyn Zucht, by A. D. Zucht, her next friend, brought this suit in the district court of Bexar county for the Forty-Fifth judicial district of Texas against W. A. King, Ray Lambert, E. O. Evans, Charles Gerlach, Guy S. McFarland, J. K. Beretta, Mrs. E. W. McCamish, Mrs. Henry Guerra, Mrs. Dan Leary, Paul Scholz, and Marshall Johnson, appellees in this cause, seeking to recover damages in the sum of $10,000 on account of their having unlawfully discriminated against her and having unlawfully expelled her from the public schools of the San Antonio independent school district, and for a writ of injunction, restraining and prohibiting the said appellees from discriminating against her, and restraining and prohibiting the appellees, and each of them, from attempting to enforce, or enforcing, a certain ordinance of the city of San Antonio, which she claimed was void; and for a peremptory writ of mandamus, compelling the appellees, and each of them, to admit her to attendance in and upon said public schools; and she also prayed for general relief.

The suit was dismissed as to Ray Lambert, who was never served with process. The other defendants in the cause, appellees herein, answered, presenting a general exception to the petition of the said Rosalyn Zucht, and certain special exceptions, and pleaded general denial and special answers.

The court overruled all the exceptions of appellant, and sustained the general demurrer or exception to the petition, to all of which rulings of the court the appellant duly excepted, and, declining or refusing to further amend, the suit was dismissed, to which appellant excepted and has brought her case to this court for review.

It is set forth in the petition that San Antonio is an incorporated city of more than 100,000 inhabitants, having an independent school district, incorporated by a special act of the Legislature, controlled by a special body of officers known as the San Antonio school board.

It sets out at length the operation of a system of street cars and various modes of transportation, theaters, public shows, churches, and other places of meeting and congregating, and manufacturing industries operated in said city where the various inhabitants thereof congregate and continuously meet and come in contact with each other, besides at the schoolhouses. The petition in minute detail sets out all the public places where people meet, but not necessary to further describe.

It sets out also the various private schools and institutions of learning in the city where great numbers of children under the age of 21 years attend.

It sets out some of the public powers of the city in respect to quarantine to prevent the spread of contagious diseases within its limits, to enforce vaccination, and to establish pesthouses, and to regulate the establishment of private hospitals.

It avers the city has no power over the public free schools, because the management is vested in the San Antonio independent school district and the said San Antonio school board, by the special act of the Legislature incorporating said San Antonio independent school district and San Antonio school board, and that no power is vested in said school district or said board by the Legislature to vaccinate.

It is further averred that all persons between the ages of 7 and 21 years have the right to attend the public free schools in said district and receive instruction therein, and are entitled to all the benefits of the free school fund furnished by the state and the public derived from taxation in said district for free school purposes, and authorized to levy taxes for acquiring land and for the construction of improvement thereupon, maintaining, operating, and carrying on the schools; that the grounds and buildings are well kept and are in a sanitary condition, and the school buildings provided with individual seats, upon which the pupils or

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

other persons are seated separate and apart from each other.

It is alleged the city council has never attempted to enforce vaccination generally among the inhabitants, nor even among the children generally, but undertook to discriminate against pupils who attended the schools and educational institutions in said city and the persons connected with said schools and institutions, including the pupils attending the same and other persons connected therewith, by adopting an ordinance enforcing vaccination.

The ordinance requires any person conducting any place or institution of education in the limits of the city of San Antonio, whenever so required, to furnish the city board of health a list by name of all teachers, pupils, and employees and other persons connected therewith, duly certified by affidavit, showing time and place of vaccination or not of all such above-named persons and pupils; also provides the board of health may require such vaccination within such period of time and under such regulations as said board may require.

A fine of not less than $10 nor more than $100 may be imposed for such offense, and each day, for such offense, is deemed a separate offense, and upon failure to pay such person is subject to imprisonment.

It also requires parents and guardians having custody of minor children to be promptly and effectively vaccinated, with a penalty attached of not less than $5 nor over $100; for failure to pay fine, imprisonment any number of days, not exceeding 30, in the discretion of the recorder.

Further, that there was no other ordinance ever passed by the city to enforce vaccination.

It is alleged the ordinances providing for the infliction of punishment by fine and imprisonment have never been enforced, and are regarded as a "dead letter," though many pupils and others have continually attended schools without presenting certificates of vaccination, as required by the ordinances.

It is further alleged there is more danger of the contagion of smallpox spreading from the close personal contact of persons in the assemblages and in the places other than the schools and educational institutions in said city in the places named in the petition than there is danger from the contact of the pupils, teachers, employees, and other persons in said schools and educational institutions, especially in the case of the small Mexican quarter in the city, where the danger of the breaking out of the disease called smallpox is infinitely greater than in the said schools and educational institutions; that said ordinance is in effect, and can be enforced whether there is an epidemic of smallpox or not; that the school board has not had any rule with reference to vaccina-

tion; that appellant was of the age of 15 years, and had been attending the free schools during the months of January and February, 1919, known as the Brackenridge High School in said independent school district; that she had never been vaccinated, nor is she or her parents willing for her to be vaccinated.

It is further alleged:

A large number of other pupils who had furnished no certificates of vaccination were attending said school and other free schools in said district during the time that she was attending school, and were permitted to continue to attend schools without having been vaccinated, and without having furnished certificates of vaccination after she was expelled from said school. She was never exposed to smallpox, and the sanitary conditions in said locality where she resided were excellent; no crowding of houses close together where crowds gather and assemble on the streets, or elsewhere, in said locality.

That there was no epidemic of smallpox in the city at the time and had not been for more than 10 years before, nor in said school that she was attending.

That, notwithstanding the foregoing facts, on March 3, 1919, the defendants conspired to expel her from school, and each of them, acting wantonly and maliciously, refused to permit her to attend school, or any longer attend any other public school in said city, unless she will submit to vaccination, which deprives her of the benefit of an education and her proportionate benefits of the public school fund provided by the Constitution and laws of Texas.

That the defendants pretend to have acted in their official capacities, but the act of the Legislature delegated all legislative power to the city commissioners (city council), and no legislative powers or authority whatever were vested in said board of health, nor did the city council have power to delegate legislative powers or authority to said board of health or any one.

That many pupils and other persons were attending the schools she was attending who were not required to be vaccinated, and so permitted to continue to attend after she was expelled, and no pretense to enforce the ordinance against many others similarly situated, attending before and since, without being vaccinated or certificate of vaccination.

That the defendants and especially W. A. King notified the principal of said private school, if he continued to permit the plaintiff and her brother, Arthur Zucht, to continue to attend said private school, they would close the school, and thereupon they were compelled to cease attending said private school.

That other schools and educational institutions with reference to smallpox were the same as those schools plaintiff was attending.

That the defendants, and each of them wantonly and maliciously discriminated against plaintiff because she would not submit to vaccination and unlawful reasons. That by reason of which she has been humiliated and put to shame, and her feelings have been injured and her standing in the community injured, and she has been damaged in the sum of $10,000.

That said ordinance is unreasonable, deprives pupils and other persons, including plaintiff, of their rights and privileges without due course of the law of the land, and in violation of section 19 of article 1 of the Constitution of the state of Texas, and denies the equal protection of the laws in violation of the Fourteenth Amendment of the Constitution of the United States, and is therefore absolutely void; further void by leaving it to the arbitrary discretion of the said board of health to determine when and under what circumstances it is to be enforced, without providing any rule by which said board of health is to be guided in its action, and without providing any safeguards against partiality and oppression and in violation of the Fourteenth Amendment of the Constitution of the United States.

That the partial, discriminatory, and oppressive manner in which said ordinance has been administered by the authorities charged with its administration, and is still administered, is a denial, through its executive department, to plaintiff and others of the equal protection of the laws, in violation of the Fourteenth Amendment of the Constitution of the United States.

She prays for judgment against each of said defendants for her damages, and for injunction, etc., and for mandamus, compelling the defendants, and each of them, to admit plaintiff to the attendance in and upon the free schools.

All the exceptions of appellant to defendants' answer were also overruled, and error assigned on such rulings.

For the convenience of discussion, we will group appellant's first assignment, and all propositions in which error is claimed. There is only one assignment against the action of the court dismissing case, and that is in the most general terms; that the court erred in sustaining defendant's general exception and dismissing the case.

Under this general assignment, there are seven separate propositions challenging the ruling of the court, in effect as follows: (a) The power conferred upon the city does not confer the power to discriminate in the enforcement of vaccination. (b) While the city had the right to classify its citizens with reference to vaccination, and what circumstances and times should be enforced, it must be reasonable, and not arbitrarily enforced or arbitrarily exercised. (c) The ordinance leaves to the arbitrary discretion of the board of health to determine whether it is necessary in its opinion that all the teachers, pupils, employees, or other persons connected therewith be vaccinated, and therefore is void because it lays down no rules by which its impartial execution can be secured or partiality and oppression can be prevented. (d) Void because it undertakes to delegate its legislative power to the city council or board of commissioners to the board of health. (e) The ordinance undertakes to enforce vaccination against only children attending schools in said city and the persons connected with such schools, laying burdens upon them not laid upon other children and other persons in like condition, and is therefore void under article 14 of the Constitution of the United States as amended. (f) The ordinance as administered makes an unjust and illegal discrimination between the said Rosalyn Zucht and other pupils in the schools of said city in similar circumstances, is a denial of equal justice in expelling her from said schools because not vaccinated, while permitting other pupils under precisely like circumstances to continue said schools without being vaccinated, is within the prohibition of the Fourteenth Amendment of the Constitution of the United States, depriving her of the equal protection of the laws. (g) The ordinance being void, plaintiff has the right to issuance of a peremptory writ of mandamus, with a writ of injunction as prayed. (h) Appellant having been wantonly and maliciously expelled from the public free schools, appellees, and each of them, are liable in damages to appellant.

There is nothing known to the law broader than the long arm of police power to protect the inhabitants of a city in its health, and consequently against the ravages of disease. The power to eliminate disease of every kind that jeopardizes the health of her citizens and keep a clean, sanitary, and healthy city is paramount to almost all other consideration, for "Cleanliness is next to Godliness." Much has been written, and much has been said on the subject, and laws passed having an eye to the protection of health have met the approval of courts of all jurisdictions.

Twice before, the power of the school authorities has been attacked, and the authority sustained by this court, in Zucht v. San Antonio School Board, 170 S. W. 840, and Staffel et al. v. San Antonio School Board, 201 S. W. 415, and it would appear settled the question against appellant. Appellant comes squarely now again with an attack on the validity of the same ordinances and the authority of the same board; says she "never has been vaccinated, nor is she willing to be vaccinated, nor are her parents willing, because she and her parents fear that vaccination will endanger her health."

It does not appear anywhere in the petition why there should be any apprehension

in regard to her health, or why any exception should be made in her favor, or why it would injure her, or affect her differently from others in any way that is not common to all others similarly situated, and that question must therefore be stripped of all such considerations in this case, except the one of power.

We have carefully read each of the authorities cited, by appellant to support her position, and do not believe they support her. The cited authorities are too numerous to discuss separately. But we will discuss the principles contended for in them, as we give our views on the questions raised from time to time.

There is no greater authority or responsibility placed upon a city than to establish rules and regulations to protect the health and morals of a city. This power did not suddenly come up, but it followed the growth of civilization in the wake of necessity, progress, and science, and spread of disease, and as conditions arose and necessity demanded, the inherent power to grapple with it sprang into life and action, to the end that the blighting hand of disease might not touch and destroy the inhabitants. Hanzal v. City of San Antonio, 221 S. W. 237.

[1, 2] In the very first case cited by appellant of City of Austin v. Cemetery Association, 87 Tex. 336, 28 S. W. 528, 47 Am. St. Rep. 114, it holds, as a matter of course, that an injunction will lie to restrain the enforcement of a void ordinance. That doctrine is not denied by appellee. It is also there held to be in the power of the Legislature to make arbitrary laws. While the court at that time hesitated to say the powers cannot be delegated to a municipal corporation, now no longer a controverted question, but in effect says, where the charter power is sufficient to manifest such purpose, and the same is not unreasonable, it will be upheld. Such ordinance is not void on its face. Whether the facts relied on to show the ordinance unreasonable are apparent in the face of the petition or not, a demurrer admits them as true, and the reasonableness or unreasonableness becomes a question of law for the court.

Appellant cites and relies upon, to support his contention, Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220. This we do not believe to be in support of the contention. It challenges an act in respect to engaging in a laundry business, conferring a naked, arbitrary power upon the board to give or withhold consent, and makes all engaged in the business the tenants at will as to their means of living, under the board of supervisors. In other words, this ordinance obviously was directed at certain Chinamen who engaged in the laundry business, without having first obtained the consent of the board of supervisors, "except the same be located in a building constructed either of brick or stone." In this case there was an obvious purpose to confer the power to arbitrarily withhold consent without reason and without responsibility, not confided to discretion, but granted to their will, so arbitrary as to acknowledge neither guidance nor restraint. The court is there discussing a situation growing out of the arbitrary power, imposing an unreasonable limitation upon the right of an individual to pursue or not an occupation at the mere will of another. As said by the learned Justice, "Intolerable in any country where freedom prevails, as being the essence of slavery."

We agree with the North Carolina court, in State of North Carolina v. Tennant, 110 N. C. 609, 14 S. E. 387, 15 L. R. A. 423, 28 Am. St. Rep. 715, cited by appellant, prohibiting any building without permission of the aldermen in a city as void, because it would make the right depend upon their arbitrary decision, subject to no uniform rule of action in respect to giving permits for various kinds of buildings—one to one class and another to another favorite. We do not think this supports appellant's contention.

We are here dealing with the power to enforce an ordinance for the protection of society, dealing with a class in which the ordinance on its face does not discriminate or contemplate a discrimination.

There is a very broad distinction between an ordinance, requiring children attending schools to be vaccinated, from an ordinance, general in its scope, requiring barbers to be vaccinated. This is one of appellant's favorite illustrations. In the former case the children are the wards of the city, to whom the parent for the time being, in a limited sense, intrust them. Coming from various sections and kept together in close schoolrooms, and a different principle arises. It might as well be contended that the school board could not enforce a rule against an unmanageable, unruly, and immoral pupil, whose conduct and undisciplined nature make him antagonistic to the unwritten rules of the school, and insubordinate to such an extent as to demoralize the students. This is a mere illustration, for there is no complaint against appellant that she is not one of the very best and most studious. The complaint is that she and her parents put themselves in opposition to a requirement regarded necessary for the protection of the health of the community. It was never contemplated in cases such as the latter (barbers) that police power should go so far, and it does not meet the question that any one engaged in a business enterprise should first do certain unnecessary things, unless it was such a regulation thereon as to promote the general health, prevent the spread of disease, and for the good of society. No one could or would contend, before a person entered a

barber shop to be shaved, he should be vaccinated, the same with reference to a theater or a church or a crowded store. We are discussing a police regulation affecting the schools, school children, for their good and the good of society, against the possible spread of one of the most filthy and dangerous diseases. We are not dealing with abstract questions, such as appellant contends for, "that there is more danger of contracting smallpox and spreading the contagion in the other places named than there is in the public schools," but with the vital question of the protection of health and the spread of a loathsome disease. The question of the spread of disease in other places generally is not before us; but, if it were, we can conceive of no greater spread of the terrible disease than through the public schools. Here the children come from every remote home throughout the city, that of the humble as well as the rich, seeking the benefits of education. They are thrown in contact with each other every school day during the scholastic term, and each child so coming in contact with a diseased child may take it home, and so on it goes. Vaccination is for the good of the child as well as for society.

[3] If the complained-of ordinance is directed at school children and attendants, composed of children whose resistance against disease and tender years prevent them from taking proper care against the ravages of smallpox, constitutes a special class, dealing with all similarly situated as a protective health measure, it does not violate any principle of law, for such classification has a reasonable, if not a commendable, basis, and has been sustained time and again. Zucht v. San Antonio School Board, 170 S. W. 841; City of New Braunfels v. Waldschmidt, 207 S. W. 303; Staffel et al. v. S. A. School Board, 201 S. W. 414; Herbert v. Demopolis, School Board of Education, 197 Ala. 617, 73 South. 321; Viemeister v. White, 179 N. Y. 235, 72 N. E. 97, 70 L. R. A. 796, 103 Am. St. Rep. 859, 1 Ann. Cas. 334; Bissell v. Davison et al., 65 Conn. 183, 32 Atl. 348, 29 L. R. A. 251; State v. Zimmerman, 86 Minn. 353, 90 N. W. 783, 58 L. R. A. 78–81, 91 Am. St. Rep. 351; State v. Martin, 134 Ark. 420, 204 S. W. 622, 623; State v. Board of Education, 76 Ohio St. 297, 81 N. E. 568; Abeel v. Clark, 84 Cal. 226, 24 Pac. 383, 384; Greene v. City of San Antonio, 178 S. W. 6–9; 6 R. C. L. p. 394; McSween v. School Trustees, 60 Tex. Civ. App. 270, 129 S. W. 206–208; Jacobson v. Massachusetts, 197 U. S. 22–27, 25 Sup. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765.

[4] If, the city acting under its broad powers to "enforce vaccination," the test of such power be that it could be only enforced during a time of epidemic, after many had been consigned to the grave for the want of it, it would indeed be a farce. But the test is, Is it a reasonable regulation, such as can be enforced as a preventative at all times in advance of an epidemic?

[5, 6] When we reach the conclusion, as we do, that these ordinances were enacted in pursuance of a grant of wise and valid power, which the Legislature expressly delegated to the city council through its charter, "to enforce vaccination," we pronounce its validity without reference to the actual existence of smallpox or not, though appellant concedes it exists among certain Mexicans all the time. We regard it as a reasonable preventative, not open to our inquiry as to its reasonableness any more than you can inquire into the reasonableness of the act of the Legislature. They are reasonable in view of the ever-present menace to health. We cannot shut our eyes to the location of this city, with its means of communication to certain localities; and, where appellant concedes the existence of smallpox all the time in certain quarters, where the disease is ever present, and liable to quickly spread through our schools like wildfire upon the prairies, feeding upon our young and tender school children, away from the ever tender and observant eye of the parent, and then throughout the homes in the city, he must thereby concede a necessity. We can say some such motive may have persuaded the lawmaking power in such wholesome legislation. No court would be justified in setting aside such an ordinance, either as being unreasonable or for want of necessity, for it is a measure clearly for the protection of health, and to prevent the spread of a noxious malady, and ofttimes very fatal, and in no wise is it an exercise of arbitrary power. The board of health is the public agency through which the city council acts to determine the necessity arising to put the ordinance in effect as to its provisions, and that is no delegation of legislative power. It lays down the event in which the necessity to the public health requires the action, and is valid. It is a valid exercise of power. That there are other violations of the act by the officers whose duty it is to enforce them cannot be regarded as a reason to declare the law invalid. Its validity is a shield to those acting within its scope. If officers charged with a public duty were not protected in its enforcement from damages by those who openly defied it, and in turn through anger or resentment seek to subject those charged with its administration to heavy penalties, it would indeed be difficult to secure substantial persons, financially responsible, willing at such a hazard to serve the public.

[7] The welfare and the happiness of the many is far superior to those few who decline and resist its enforcement, and the alleged fear of endangering appellant's health must be regarded as entirely immaterial. City of New Braunfels v. Waldschmidt,

(Sup.) 207 S. W. 303-305; Jacobson v. Massachusetts, 197 U. S. 11, 25 Sup. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765; State v. Hay, 126 N. C. 999, 35 S. E. 459, 49 L. R. A. 589, 78 Am. St. Rep. 691. ,

Appellant concedes, "Society is justified in imprisoning those afflicted with smallpox," and those exposed, then denies that the state has the same right to enforce it against the individual in order "to protect society against the ravages of smallpox" that might ensue if not properly protected against.

Appellant asserts the "appellate courts have almost invariably dodged the question." This we deny, as shown by the cases cited. When appellant made that statement, we must assume, in his diligent search for authority, he overlooked the more recent decisions upon the subject. In Hanzal v. City of San Antonio, cited above, the Chief Justice of this court, in his usual strong, vigorous, and finished language, discussing the powers of the city in such cases, passed upon every question raised here, and exhausted the broad subject so completely that there is nothing left to be said upon the subject, and certainly nothing can be added to his reasoning.

[8, 9] We hold that the ordinance is valid; not unreasonable on the claimed ground that it operates without reference to the actual existence of a smallpox epidemic in the city; that there is no unlawful discrimination against persons attending schools, and it is not unreasonable and arbitrary, in view of the conditions in the Mexican quarter of the city and the crowding together of people in street cars, jitneys, theaters, churches, passenger depots, factories, laundries, parks, etc. Nor does it deny appellant, or any pupil, rights and privileges without due course of the law of the land. The other pupils not vaccinated are permitted to attend school under similar circumstances, if true, would only show the officers were not performing a public duty, but cannot affect the validity of the law.

There could be committed to the board no other than an arbitrary discretion to enforce this law to all alike. It nowhere in its terms permits a discrimination allowing the board to say which student or person attending shall be vaccinated or not. There is nothing in the ordinance that can bear such construction. This ordinance delegates no legislative power whatever to the board, but only the power to carry it into effect, to see that it is executed. It is not a function of legislative power to determine the necessity of vaccination and the enforcement of its provisions through proper regulation.

[10] Having determined the validity of such ordinances, we must likewise hold that no cause of action is presented against the defendants, or any of them. This law stands as a shield to protect them from damages in

225 S.W.—18

performing a lawful act. The appellant has no peculiar right or property right to attend a public school or private school different from others similarly situated, in defiance of the rules so established for the protection of the school children themselves, and for society in general, without meeting the prescribed regulation for vaccination.

Because of appellant's earnest insistence in her contention, and because the case was determined on a demurrer, dismissing the case, we have taken unusual pains to set out all of appellant's contentions so vigorously urged. Both sides have cited numerous authorities, which we have read and considered. We have examined all the assignments urged and presented, and those directed at the ruling of the court on appellant's exceptions to appellees' answer; but they have ceased to be important, since we have found no error in the ruling of the court below in sustaining the appellees' exception.

The judgment of the court is affirmed.

On Motion for Rehearing.

Appellant complains of the statement in the opinion wherein we referred to the fact that appellant conceded the existence of smallpox in certain localities. We doubt very much whether any one can read certain parts of the petition and appellees' statement of the same facts in the answer, and the statements, propositions and replies in appellant's brief to that effect, and reach any other conclusion. Since appellant protests so vigorously, we "let it go at that," and say that such admission, contention, or denial has nothing to do with the result of this case, and for that reason we may eliminate the denied concession.

It is contended we did not decide the law as presented by appellant's second, third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth assignments of error, as we are required to do under article 1639, R. S. It is apparent to every one, when it is understood, this case was dismissed on a general demurrer, we had to decide every legal question properly pleaded.

Only one assignment was urged, and that attacked the ruling of the court in dismissing the case, and under that appellant urged seven separate propositions, embraced in from 3 to 24 pages, inclusive, of his brief. We discussed this assignment and every proposition thereunder. We devoted 7 pages unnecessarily in stating her pleading and contention, thereby hoping to satisfy appellant's counsel that the case was fully stated, and his position considered and discussed.

[11] Now he complains that we did not make a separate discussion in respect to the remaining assignments. These were directed entirely at defendants' pleading, which could only become material in case we reversed

the case. They could in no way affect the decision of this case. Worcester v. Railway, 91 S. W. 339; El Campo Ice, Light & Water Co. v. Texas Machinery & Supply Co., 147 S. W. 338.

Appellant has doubtless overlooked the statement in the last paragraph of the opinion. We considered each one of those assignments. They were each without merit, and to sustain them would have been to reverse the case, and not required to be discussed unless the case had been reversed. The insistence for us to write on each, when the opinion itself does so in general terms, would be "requiring us to do a useless thing," which the law never imposes.

There is nothing new presented in this motion, and it is without merit, and the same is overruled.