BOOTH et al. v. BOARD OF EDUCATION OF FORT WORTH INDEPENDENT SCHOOL DIST.

No. 13046.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 27, 1934.

Rehearing Denied March 16, 1934.

C. E. Farmer, of Fort Worth, for appellants.

R. M. Rowland, of Fort Worth, for appellee.

LATTIMORE, Justice.

This is an appeal from an order of dismissal of an injunction suit filed by appellants to enforce the appellee to allow the attendance upon the schools of Fort Worth independent school district of appellants' children without vaccination against smallpox. On a hearing of the application of plaintiffs for a temporary injunction, the court sustained a general demurrer to the petition and appellants declined to amend.

We shall confine our opinion to the assignments of error made in appellants' brief and the propositions of law thereunder, for the reason that while we have read the petition in its entirety, the same is too voluminous to justify an original research of same against the general demurrer. Indeed, as appellants naively suggest in their brief, "considering the voluminous allegations, it is hard to believe that a court would sustain a general demurrer. We set forth the clear illegality of the acts of the Board of Education with sufficient lucidity, we believe, to convince even the most obtuse mind." It is apparent, however, if that is true, that appellants' counsel overestimated the district judge in that particular and we regret to say is a victim of the same generosity in this court.

The first proposition is that the temporary injunction was merited to maintain the status quo in that the vaccination order was passed in June, 1932, and this petition was filed in October, 1933. Appellants recite that some person other than appellants carried an appeal during the school session of 1932–33 in the routine contest of such regulation to the state board of education. In the first place, to attempt to fix the status quo as of a year and a half before these appellants appealed to the authorities for relief is going pretty far back. In the second place, when the court sustained the general demurrer and the plaintiff declined to amend, the court's duty is to dismiss the case. No question was raised in the trial court as far as this record shows concerning a supersedeas pending appeal.

Appellants next complain of the action of the court in allowing a general demurrer to be presented at a hearing of an application for a temporary injunction. The procedure was proper. There was no need for the court to attempt to adjudicate rights which were not pleaded to exist. One great justification for requiring a party to plead his case in advance is that the opposing party may know what will be sought to be proved. This, in order that such party may produce what evidence exists to defeat such un-

favorable proof. Any other rule is the mother of confusion and delay. To surprise the opponent with unadvertised fact claims may be good strategy, but it is poor justice. To the adversary's cry that the controverting evidence would have been presented if warning had been given, there can be only two answers. One is to exclude the evidence required to be pleaded and the other is to delay the trial until the opportunity to bring in the controverting testimony is filled. These reasons are age old and repetition is perhaps academic, but out of them was born the rule now heavy with the weight of centuries, but vigorous with the eternity of truth, that the declaration of plaintiff must state a cause of action. Rightly, the trial judge allowed this test to be made on the threshold of the temple.

The next proposition is that the general demurrer should not have been sustained. The only argument made thereunder is that every reasonable intendment should be given to the language of the complaint. This, manifestly, is of no assistance to a solution of the question. Hence we, in our discussion, combine it with the fourth and last proposition, which is: In the state of Texas vaccination with cowpox can only be required by a board of education when there is an emergency. Rambling through the discussion of this proposition in the brief are many statements which are themselves propositions and which for want of proper briefing we would be justified in declining to consider, but because of our desire that those of our citizenry who feel their rights violated by this regulation be assured that their ideas have been sympathetically and carefully considered, we proceed to dispose of them.

One is that the caption of the bill creating the appellee is not sufficient to give the Legislature the right to authorize the passage of this rule. Constitution of Texas, art. 3, § 35. The caption, Special Acts of 39th Legislature, c. 230, is lengthy, containing, among other recitations, that the "subject" is "An Act creating and incorporating the Fort Worth Independent School District," and further to give the board therein mentioned "the power to manage and control, maintain and operate" the schools and to give the said board power "to make rules and regulations for the government and conduct of said schools, and for the protection of those attending said schools." We think this sufficient to advise the Legislature as well as any other reader thereof that the body of the act (section 36) might provide

authority to the said board to "require the vaccination of pupils and teachers * * * whenever it may become reasonably necessary or proper." The same section 36 of the act authorizes the board "to make * * * and enforce such rules and regulations as may be necessary and proper to safeguard the health of the pupils and teachers in such public schools." This is, we think, clearly within the quoted provisions of the caption. Similar language in the city charter of New Braunfels was held in City of New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S. W. 303, to authorize the passage of a vaccination ordinance such as this.

Neither do we think that the fact that Dr. Helbing is a physician and a member of the board, and that physicians usually do such vaccinating, and generally charge a fee therefor, was such an interest of itself in the subject-matter of the regulation sought to be enjoined as prohibited him from voting therein. His monetary interest was at the most contingent, may not in fact have existed at all. It was not direct and certain. Elliott v. Scott, 119 Tex. 94, 25 S.W.(2d) 150. Moreover, we note that appellants elsewhere allege that the school is furnishing vaccination free to pupils.

The provisions of the health code as expressed in article 4477, R. S., do not attempt to cover the field occupied by the Fort Worth regulation, and show in their content that action by the school boards supplementary thereto was contemplated by the Legislature. Rule 28. We heartily approve of the policy expressed in our state Constitution, article 3, § 56, "where a general law can be made applicable, no local or special law shall be enacted," and commend it to the legislative authorities of subdivisions of the state to refrain from the passage of multitudinous ordinances which conform to the ideas of some local crackshot, of what the Legislature should have done, resulting in putting our citizens in a hopeless maze of this and that until he must keep a chart to be sure whether he is Brobdignag or Lilliput, each of which has its own laws about turning corners. However, this regulation is not condemned by such constitutional rule.

Also appellants say that it is compulsory on them to send their children to school or suffer criminal prosecution, which, in effect, places them under such prosecution for failure to have their school children vaccinated. Not so! The compulsory school attendance law makes exemption of those children who have a doctor's certificate that

school attendance is unwise for them in their condition (Rev. St. 1925, art. 2893).

■ This brings us finally to proposition No. 4, quoted above. An emergency is defined as an unforeseen occurrence which calls for immediate action, a . pressing necessity, Certainly the board is not powerless to protect the children merely because it has foreseen a danger and, on the other hand, we cannot attempt to measure how pressing a necessity must be in order to allow the board's discretion to be exercised. We use this analysis to show by the ridiculous how appellants' position is untenable. It is not a question of emergency, but it is only a question of whether the action of the board is arbitrary and without facts upon which minds could have decided rationally that such rules were reasonably necessary and that the remedy was by common knowledge proper medication. The courts must not inflict on the body of a citizen, under penalty of forfeiting some valid civil right against his will, the theories of some one else unless the efficiency and safety of same have been proven to that extent. Jacobson v. Massachusetts, 197 U. S. 22, 25 S. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765. Common knowledge does not mean that every one must concede the truth of such proposition. I suppose it is common knowledge, that cooking food is an acceptable manner of preparing the same for eating, yet I know more than one apparently rational person who believes that only raw food is beneficial to the human body. Such illustrations could be multiplied without end as to many things which are none the less well established in our social order and which are common knowledge.

The fact that in most of the decisions which have been rendered in this state some reference is made to an emergency, arises out of the fact that the regulations passed alleged such to exist—McSween v. Board of School Trustees of City of Ft. Worth, 60 Tex. Civ. App. 270, 129 S. W. 206; Zucht v. King (Tex. Civ. App.) 225 S. W. 267; Staffel v. San Antonio (Tex. Civ. App.) 201 S. W. 413; City of New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S. W. 303; Abney v. Fox (Tex. Civ. App.) 250 S. W. 210—but that does not mean that the courts would attempt to say what was an emergency or limit the passage of the regulation to the court's idea of whether an emergency did exist.

■ That vaccination against smallpox is an efficient and accepted act tending toward immunization, this court judicially knows. These and other similar discoveries have brought preventive medicine into the sunlight, inspiring those who guard our health to strive to keep us from getting sick rather than only to cure us after we have become diseased. Against this blessing we must not set our faces. The law must lend its hand to assist and keep pace with the advancing discoveries of our ages. We, of the bench, must go cautiously and follow only on trails laid out by the pioneers and well beaten by those following after them, but though we may not, in due regard for all our citizens, go side by side with them, we turn our faces in that direction, realizing that the law must, in some allied manner, march on.

The allegations which are relied on to show that the action of the board was arbitrary are "that there is no epidemic of smallpox in said school district existing at the present, nor is such imminent and there is none apprehended by reason of existing conditions. That the existing conditions of public health in reference to smallpox in the said school district do not constitute any menace to the public health. That the said school district is in a splendid state of health and the conditions of the people generally with regard to the matter of. smallpox is 100% good. That the children of these plaintiffs and all others similarly situated are not a menace to the health of the people of said school district in the matter ·of smallpox in any way. That the attempt by the said Board of Education to enforce a law made by them at this time is unreasonable, unjust, unlawful and arbitrary." There is also a charge that this rule was passed at the instigation of physicians who made a profit from the vaccination. This latter is· contradicted by other allegations in the petition that the school physician who was in the employ of the district long before this regulation was made, does the vaccination free. For these and several other ample reasons, this charge of disreputable conduct is discarded.

■ The quoted portions of the petition are not a negation of what is common knowledge of smallpox; that it is carried from distant points, particularly from our Mexican neighbors on the south. This was deemed by our Supreme Court in the Waldschmidt Case, supra, sufficient to justify the rule and we know that this district is only seven hours travel by land from the situs of that litigation; that when a case is found in one of our schools, that school must be closed for disinfection, article 4477, Rev. Statutes, rule 27, and the children thereof thrown out of the uniform progress of their studies, so es-

sential to all well regulated institutions, more especially this of ours, where congestion is such that there is no other school to which they could be transferred ad interim. This district has a large negro and Mexican population, which races are generally known to be more difficult to keep free of smallpox for various reasons. We regard the facts alleged insufficient to state a case against the decisions above cited and the common knowledge in regard to the situation of the district against smallpox.

 Some of appellants allege facts as to the condition of the health and body of some of the children which make vaccination of that particular child subjectively dangerous. It may be that some children should be exempted from vaccination temporarily, or even permanently, but it is not alleged that any such facts were made known to those in charge of the administration of this regulation and of the schools, or that any effort was made to procure the attendance on school of such child exempt from vaccination because of such condition of health of such child. Generally speaking, such matters would be known or established by competent experts. A suit for equitable relief must negative any other adequate relief.

All assignments of error and propositions of law asserted by appellants on appeal are overruled and the judgment of the trial court is affirmed without prejudice to the rights of appellants in the matters last above discussed.