

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 13, 1960

Honorable J. W. Edgar
Commissioner of Education
Austin, Texas

Opinion No. WW-882

Re: Authority of the Board of
Trustees of a school dis-
trict to require as a pre-
requisite for entrance of
pupils into the first grade
that they be inoculated with
two Salk vaccine injections

Dear Dr. Edgar:          for poliomyelitis.

You have requested an opinion as to whether the Board
of Trustees of a school district has the authority to require
as a prerequisite for entrance of pupils into the first grade
that they be inoculated with two Salk vaccine injections for
poliomyelitis.  This question requires an interpretation of
statutes setting forth the authority of school district trus-
tees, particularly Article 2749, Vernon's Civil Statutes,
dealing with the trustees of common school districts, and
Article 2780, Vernon's Civil Statutes, dealing with the trus-
tees of independent school districts.  These two Articles are
as follows:

Article 2749.  (2823-4 Control of schools)

"Said trustees shall have the management
and control of the public schools and public
school grounds; and they shall determine how
many schools shall be maintained in their school
district, and at what point they shall be located;
provided, that not more than one school for white
children and one school for colored children
shall be established for each sixteen square
miles of territory or major fraction thereof,
within such district; and they shall determine
when the schools shall be opened and when closed.
They shall have the power to employ and dismiss
teachers; but in case of dismissal, teachers
shall have the right of appeal to the county and

State Superintendents. They shall contract
with teachers and manage and supervise the
schools, subject to the rules and regulations
of the county and State Superintendents; they
shall approve all claims against school funds
of their district; provided, that the trustees,
in making contracts with teachers, shall not
create a deficiency debt against the district."

Article 2780. (2892 Power of trustees)

"Said trustees shall adopt such rules,
regulations and by-laws as they may deem proper;
and the public free schools of such independent
district shall be under their control; and they
shall have the exclusive power to manage and
govern said schools, and all rights and titles
to property for school purposes heretofore vest-
ed in the mayor, city councils, or school trus-
tees by articles 3995, 4013 and 4032, Revised
Statutes of 1895, or other statutes, general and
special, except such cities as are exempted by
this title, shall be vested in said board of
trustees and their successors in office; and
their claims shall apply to any action or suit
which may arise to which said board is a party.
Acts 1905, p. 263."

It was held by this Department in Attorney General's
Opinion No. O-4539 (1942) that the Board of Trustees for the
Wharton Independent School District had the authority to re-
quire pupils attending the school to be vaccinated for small-
pox as a prerequisite to entrance into school. Among the auth-
orities cited in that opinion in support of its holding are
Staffel et al v. San Antonio School Board of Education, et al.,
201 S.W. 413 (1918), err. ref.; City of New Braunfels, et al.,
v. Waldschmidt, et al., 109 Tex. 302, 207 S.W. 303 (1918);
Zucht v. King, et al., 225 S.W.267 (1920), err. ref.; Booth et
al., v. Board of Education of Fort Worth Independent School Dis-
trict, 70 S.W.2d 350 (1934), err. dism. In our opinion it is
clearly established under these decisions and the authorities
cited therein that an ordinance, rule, or regulation by a duly
constituted local governing body, whether a municipality or a
school district, and within the scope of the delegated auth-
ority of the body, is not in violation of either the State or
the Federal Constitution by reason of requiring vaccination
for smallpox as a prerequisite for entrance to school. We be-
lieve these authorities are controlling of the question of the
constitutionality of a rule by the Board of Trustees of a school

district requiring vaccination for poliomyelitis as a prerequi-
site for entrance to school.

        Two of the four cases cited above involved questions
of the authority conferred upon school district trustees by
special Acts of the Legislature, while the remaining two in-
volved questions of the propriety of city ordinances imposing
vaccination requirements upon school age children.  These cases
are therefore not controlling, but are merely persuasive, as
to the question of the authority conferred upon school district
trustees by the two Articles of the general law set forth above.
However  this may be, it is our opinion that these two Articles
do give authority to the trustees to require poliomyelitis vac-
cination as a prerequisite for entering school.  These Articles
vest in the trustees the power to "manage and supervise" or
"manage and govern" the schools of their district.  This general
delegation of the power of supervisory control over the operation
of schools is subject only to the requirement that the power be
exercised reasonably--i.e., that it not be exercised without
adequate information or otherwise arbitrarily and in abuse of
the board's discretion.  Trustees, Pleasant Grove Independent
School District v. Bagsby, 237 S.W. 2d 750 (Civ. App. 1950), ref.
n.r.e., cert. den. 72 S.Ct. 40, 342 U.S. 821, 96 L. Ed. 621 (1951);
Bozeman v. Morrow, 34 S.W. 2d 654 (Civ. App. 1931); see Booth et al.
v. Board of Education, supra.  The present question, therefore, is
whether the requirement of poliomyelitis vaccination is a reason-
able exercise of the board's power.

        The power to control and supervise schools doubtless in-
cludes the power to see to the prevention of conditions within
the school which are such as to make the very act of attending
school a serious threat to the health of the school child and the
community generally.  Furthermore, it need hardly be remarked, for
it is a matter of common knowledge, that poliomyelitis is a pecu-
liarly cruel disease, striking down the young in preference to the
old and often leaving those victims who survive horribly and incur-
ably crippled.  In our opinion even a remote possibility that the
congregation of unvaccinated children at school would increase the
incidence of poliomyelitis among them or in the community at large
would make the requirement of vaccination a reasonable one; that
such a requirement would not be unreasonable is indeed the very
least that can be said in its favor.  You have informed us of in-
formation supplied you by the State Department of Health to the
effect that poliomyelitis is a communicable and contagious disease,
and on the basis of which it appears that the possibility of such
an increase in the incidence of the disease as was just mentioned
is by no means remote.  Accordingly we have reached the conclusion
that the Board of Trustees of a school district does have authority
to require as a prerequisite for entrance of pupils into the first
grade that they be inoculated with two Salk vaccine injections for

Honorable J. W. Edgar, page 4.     (WW-882)

poliomyelitis.

## SUMMARY

The Board of Trustees of a school district has authority under Articles 2749 or 2780, Vernon's Civil Statutes, to require as a prerequisite for entrance of pupils into the first grade that they be inoculated with two Salk vaccine injections for poliomyelitis.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Lawrence Hargrove
Assistant

LH:hb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Paul Floyd
Donald Bernard
Ben M. Harrison

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore